NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3523-15T2

STATE OF NEW JERSEY
(DIVISION OF STATE POLICE),

 Plaintiff-Respondent,

v.

STATE TROOPERS FRATERNAL
ASSOCIATION,

 Defendant-Appellant.

___________________________________

 Argued March 28, 2017 - Decided April 13, 2017

 Before Judges Reisner and Rothstadt.

 On appeal from the Superior Court of New
 Jersey, Law Division, Mercer County, Docket
 No. L-132-16.

 Michael A. Bukosky argued the cause for
 appellant (Loccke, Correia, & Bukosky,
 attorneys; Lauren Sandy, of counsel and on the
 briefs).

 Christopher J. Hamner, Deputy Attorney
 General, argued the cause for respondent
 (Christopher S. Porrino, Attorney General,
 attorney; Melissa H. Raksa, Assistant Attorney
 General, of counsel; Sally Ann Fields, Senior
 Deputy Attorney General, on the brief).
PER CURIAM

 Defendant State Troopers Fraternal Association (Association)

appeals from an April 14, 2016 order granting an application by

plaintiff Division of State Police (Division) to vacate an

arbitration award, and from a second order of the same date denying

the Association's application to confirm the award. The

arbitration concerned a dispute over whether the Division was

required to reimburse State Troopers for their personal commuting

expenses on the State's major toll roads. We affirm for the

reasons stated by the motion judge in his oral opinion issued

April 14, 2016, and for the reasons stated below.

 The essential facts were stipulated before the arbitrator,

and they can be summarized briefly. For many years, the New Jersey

Turnpike Authority and the South Jersey Transportation Authority

- independent authorities that operate the State's major toll

roads - allowed State Troopers to travel over those roads in their

personal vehicles without paying tolls. As a result, the Troopers

were able to commute to and from work without incurring that

expense.

 Nothing in the collective negotiation agreement (CNA)

specifically addressed that issue. The Division never

contractually agreed to pay the Troopers' travel expenses to get

 2 A-3523-15T2
to and from work, and never previously reimbursed them for their

toll expenses. The Division had no agreement with the Authorities

providing that those entities would give the Troopers free toll

passage, and the Division "does not have any control over the

[Authorities'] policies governing free toll passage."

 As of November 2010, the two Authorities notified the Division

that they would no longer provide toll-free passage for Troopers

commuting to and from work. When the Division declined to

reimburse the Troopers for their toll-related commuting expenses,

the Association filed a grievance, claiming that the "unilateral

suspension of non-revenue toll road passage" for their commuting

violated the CNA.

 The Association relied, in pertinent part, on Article XXVI

of the CNA (the preservation of rights clause), which provided

that "all mandatorily negotiable benefits, terms and conditions

of employment relating to the status of Troopers . . . covered by

this Agreement shall be maintained at standards existing at the

time of the agreement." However, the only pertinent commuting

expense covered by the CNA was in Article X, which provided a

mileage expense for Troopers who had to commute more than twenty

miles from their homes to their place of assignment.

 The arbitrator reasoned that toll-free passage was a benefit,

of a type that was negotiable. He also reasoned that the provision

 3 A-3523-15T2
of toll-free passage was an established "past practice." He

reasoned that it therefore must be "an established term and

condition of employment." The arbitrator acknowledged that the

CNA specifically provided a mileage allowance and had no provision

for toll-free commuting, but reasoned that the mileage allowance

was "not at variance with the provision of free tolls."

 In addressing the Division's argument that "the benefit was

provided by the Authorities and as such it cannot be held

responsible for the elimination of the benefit," the judge reasoned

that "the [Association] has no relationship with the Authorities;

its contractual relationship is with the State."

 We agree with the motion judge that the arbitrator exceeded

his authority and made a mistake of law, by reading into the

contract a term that was not found there and was not "reasonably

debatable" as an interpretation of the contract. See N.J.S.A.

2A:24-8(a), (d); Borough of E. Rutherford v. E. Rutherford PBA

Local 275, 213 N.J. 190, 203 (2013); Office of Emp. Relations v.

Commc'ns Workers of Am., 154 N.J. 98, 111-12 (1998). The fact

that toll-free passage or toll reimbursement was "negotiable" did

not mean that the parties in fact negotiated for it. To the

contrary, they clearly did not, because the contract addressed

commutation expenses in the form of a mileage allowance and did

not provide for toll reimbursement.

 4 A-3523-15T2
 Moreover, the arbitrator's discussion of the third-party

nature of the benefit was illogical. Under the stipulated facts,

the privilege of toll-free commutation was a gratuitous benefit

provided by the Authorities, and not a benefit provided by, agreed

to, or controlled by the Division. The toll-free arrangement was

a "past practice" between the Authorities and the Troopers, not

between the Troopers and the Division. State Troopers Fraternal

Association v. State, 149 N.J. 38 (1997), on which the Association

relies, is not on point, because that case concerned payments the

Division had traditionally made to retired Troopers.

 The Association's reliance on Borough of East Rutherford,

supra, is likewise misplaced. That case concerned an increase in

the co-payment charged to employees under a health care plan.

However, in that case, the CNA specifically provided that the

employer would pay for the employees' health care coverage and

would pay any increases in premiums that might occur during the

contract period. In those circumstances, the arbitrator

reasonably "characterized the former level of co-payment required

of PBA members as a past practice between the Borough and the

PBA," which "must be maintained" under the preservation of rights

clause in the CNA. Borough of E. Rutherford, supra, 213 N.J. at

204.

 5 A-3523-15T2
 Unlike the co-payments, which were an integral part of a

contractually-provided health care benefit, the privilege of toll-

free passage did not relate to any agreed-on benefit in the

contract. In fact, the contract only provided a mileage allowance,

in limited circumstances. Nor was toll-free commutation ever a

benefit actually provided by the employer, either directly or

under an agreement with the Authorities. Therefore, it was not a

past practice between the parties and it was not covered by the

preservation of rights clause.

 Affirmed.

 6 A-3523-15T2